UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAUL YUNGANAULA,

        Plaintiff,

-against-

D.P. GROUP GENERAL
CONTRACTORS/DEVELOPERS INC. and
BLANCO TRUCKING, INC., *jointly and severally*,

        Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
21-CV-2015 (CBA) (MMH)

**AMON, United States District Judge:**

## I. Background

On April 14, 2021, plaintiff Raul Yunganaula ("Yunganaula" or "Plaintiff") filed a collective action against D.P. Group and an unknown "ABC Corporation" alleging failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), failure to pay minimum wages, manual worker wages, and overtime in violation of the New York Labor Law ("NYLL"); failure to provide wage statements and wage notices in violation of the NYLL; breach of public works contracts; and disability discrimination under city and state law. (ECF Docket Entry ("D.E.") # 1 ¶¶ 100-62.) Plaintiff sought damages for unpaid manual worker wages, overtime, statutory wage violations, liquidated damages, compensatory damages for pain and suffering, punitive damages, and interest. (Id. pp. 24-25.) On January 6, 2022, Plaintiff filed an amended complaint, which substituted Blanco Trucking Co. ("Blanco") for ABC Corporation. (See D.E. # 17 ("Am. Compl.").)

On March 23, 2022, after Blanco failed to appear or otherwise defend the action, the Clerk of Court entered a default against Blanco. (D.E. # 27.) In May 2022, Plaintiff reached a settlement with D.P. Group through the Court-annexed FLSA mediation program. (See D.E. # 28.) The

Honorable Marcia M. Henry, United States Magistrate Judge, approved the settlement in March 2023. (See D.E. ## 30, 42.) On April 14, 2023, Plaintiff moved for default judgment against Blanco. (D.E. # 44-1 ("Pl. Mot.").) In the memorandum in support of his motion, Plaintiff withdraws his FLSA claim, his only federal claim, as time barred (id. 9 n.1) and withdraws his claim for breach of public works contracts due to lack of competent evidence (id. n.2). I referred the motion to Magistrate Judge Henry for report and recommendation ("R&R"). (D.E. dated May 3, 2023.)

## II.  The R&R

On March 3, 2024, Magistrate Judge Henry issued an R&R recommending that this Court (1) exercise supplemental jurisdiction over the remaining state-law claims based on the factors of judicial economy, convenience, and fairness (R&R 6-7); (2) exercise personal jurisdiction over Blanco because it "has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction" (id. 7-9); (3) exercise its discretion to excuse Plaintiff's facial noncompliance with Local Civil Rule 55.2(c) requiring the moving party to serve motion papers on the party against whom a default judgment is sought "simultaneously" with filing because Plaintiff's "premotion notice, coupled with the more recent mailing of the motion papers, 'is conducive to fairness and efficiency'" (id. 9 (quoting Local Civ. R. 55.2 comm. note 4)); and (4) grant in part Plaintiff's motion for default judgment against Blanco.

Specifically, Magistrate Judge Henry recommended that I grant Plaintiff's motion in part because she found that (1) Blanco was Plaintiff's employer within the meaning of the NYLL and Plaintiff therefore qualified for protections under the NYLL and (2) Blanco was liable for violations of NYLL provisions regarding minimum wages, overtime pay, and timely payment of wages. However, Magistrate Judge Henry found that Plaintiff lacks standing to pursue his claims

that Blanco violated the NYLL's wage notice and wage statement provisions because Plaintiff had not adequately pleaded a tangible injury resulting from Blanco's failure to provide the required notices. (R&R 20.)

Magistrate Judge Henry then undertook an independent damages analysis based on Plaintiff's Amended Complaint and a sworn declaration attesting to the hours Yunganaula worked, the wages he was paid, and the dates of his employment. (Id. 22-27.) Magistrate Judge Henry recommended that Plaintiff be awarded the following relief for the NYLL violations: (1) damages totaling $10,465.00 for unpaid minimum and overtime wages; (2) $10,465.00 in liquidated damages; and (3) pre-judgment interest on $10,465.00 at a rate of nine percent per year from January 3, 2017, until the date final judgment is entered. (Id.) As to attorneys' fees, Magistrate Judge Henry found that counsel's assertion that half of the total hours spent litigating the case were associated with Blanco is unreasonable given that counsel "performed substantially more services for litigation against D.P. Group than that for litigation against Blanco." (Id. 27-30.) Magistrate Judge Henry found that a more reasonable allocation of hours billed to litigating against Blanco is 20% of the total hours and, accordingly, only awarded counsel $8,801.57 (of the requested $22,003.93) in attorney's fees. Magistrate Judge Henry granted counsel's request for $79.51 in costs.

### III. Discussion

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v.

N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Upon reviewing the record, I noted errors in two portions of Plaintiff's damages calculations. I held a status conference with Plaintiff, at which Plaintiff's counsel agreed that those portions of Plaintiff's damages calculations were incorrect. (See Text Order dated Mar. 11, 2024; D.E. # 50 ("Pl. Ltr.") (correcting double-counting error in damages calculations); Minute Entry dated Mar. 18, 2024.) I will therefore adopt the R&R subject to the following two corrections to the damages award.

First, Plaintiff alleges that, during the course of his employment, he worked 50 hours per week, and Blanco both failed to pay him any overtime for the 10 hours overtime per week and failed to pay him at all for an average of 4.5 hours per week. (Am. Compl. ¶¶ 41, 45-47.) In his motion for default judgment, Plaintiff double-counted the overtime of the missing 4.5 hours, requesting 10 hours of overtime pay per week (at $10.00 per hour) and separately requesting regular wages plus overtime ($30.00 per hour) for the 4.5 hours missing from each weekly paycheck. (See Pl. Mot. 13.) This error led the Magistrate Judge, understandably, to conclude that Plaintiff was claiming to have worked 54.5 hours per week and seeking 14.5 hours of overtime pay. (See R&R 23-24.) Plaintiff has now clarified that he only worked a total of 50 hours each week and was not paid at all for 4.5 of those hours, and therefore is only entitled to 5.5 hours of overtime and 4.5 hours of regular wages plus overtime per week. (See Pl. Ltr.)

Additionally, Plaintiff alleged that for the first week of his employment, the week of August 1, 2016, during which he worked 50 hours, Blanco did not pay him at all, claiming that his uncompensated labor was a "work deposit." (Am. Compl. ¶¶ 40, 44.) In his motion for default judgment, Plaintiff seeks $360.00 for forty hours at the minimum wage of $9.00 per hour. (Pl.

4

Mot. 12.) Plaintiff also included that first week in his request for unpaid overtime wages at the rate of $10.00 per hour, the required 50% premium over his regular rate of $20.00 per hour, as well as in his request for 4.5 missing hours at $30.00 per hour. (Id. 13); 12 N.Y.C.C.R.R. § 137-1.3. This results in a total of $595.00. However, this calculation is erroneous in two respects: (1) Plaintiff should have requested payment at the minimum wage rate for the full 50 hours he worked that first week ($450.00), rather than only the first 40 hours; and (2) with respect to overtime pay for the 10 overtime hours Plaintiff worked that week, when a plaintiff is compensated below the statutory minimum wage under the NYLL, the overtime premium is calculated based on the applicable minimum wage, not the plaintiff's actual pay rate. Brito v. Marina's Bakery Corp., No. 19-CV-828 (KAM) (MMH), 2022 WL 875099, at *16 (E.D.N.Y. Mar. 24, 2022). Accordingly, Plaintiff is entitled only to an overtime premium of $4.50 per hour, 50% of the minimum wage, for the additional 10 hours worked in the first week. The correct total damages for Plaintiff's first work week is thus $495.00.[1]

Based on the foregoing, the corrected calculation for the unpaid overtime pay and missing hours are shown in the following tables.[2]

| Unpaid Overtime | | | | |
|---|---|---|---|---|
| Dates of Employment | Overtime Premium Owed Per Hour | Overtime Hours Worked Per Week | Weeks Worked | Overtime Owed |
| 08/08/16 to 12/31/16 | $10.00 | 5.5 | 20 | $1,100.00 |
| 01/01/17 to 06/08/17 | $10.00 | 5.5 | 22 | $1,210.00 |
| Total: | | | | $2,310.00 |

---

[1] ($9.00 x 50 hours = $450.00) + ($4.50 x 10 hours = $45.00) = $495.00.
[2] Note that the tables do not include the first week of August 2016, as I have separately calculated the total damages award for that week (during which Plaintiff was not paid any wages but was entitled to minimum wage as well as a 50% premium for overtime) to be $495.00.

| | | Missing Hours | | |
|---|---|---|---|---|
| Dates of Employment | Regular and Overtime Wages Owed Per Hour | Overtime Hours Worked Per Week | Weeks Worked | Regular and Overtime Wages Owed |
| 08/08/16 to 12/31/16 | $30.00 | 4.5 | 20 | $2,700.00 |
| 01/01/17 to 06/08/17 | $30.00 | 4.5 | 22 | $2,970.00 |
| Total: | | | | $5,670.00 |

The total amount of damages to which Plaintiff is entitled is $8,475.00.[3]

IV. **Conclusion**

For the foregoing reasons, I adopt Magistrate Judge Henry's R&R as to its legal conclusions, and Magistrate Judge Henry's damages award is modified as follows: Plaintiff is awarded 1) $8,475.00 in total unpaid wages, 2) $8,475.00 in liquidated damages, 3) pre-judgment interest on $8,475.00 at a rate of nine percent per year from January 3, 2017 ($2.09 per day), until the date final judgment is entered, and 4) post-judgment interest, to be calculated from the date the Clerk of Court enters judgment until the date of payment, at the rate set forth in 28 U.S.C. § 1961. I adopt without any modification Magistrate Judge Henry's recommendation that Plaintiff be awarded $8,801.57 in attorney's fees and $79.51 in costs. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: March 29, 2024
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge

---

[3] $495 (first work week minimum wage plus overtime) + $2,310 (unpaid overtime) + $5,670 (missing hours at regular wages plus overtime) = $8,475. This is $1,990 less than the Plaintiff initially requested in his motion for default judgment.